UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———————————

CENTRAL SANITARY LANDFILL, INC.,    No. 1:25-cv-01639
and OTTAWA COUNTY LANDFILL, INC.,

                                      Hon. Robert J. Jonker

        Plaintiffs,

v.

WOLVERINE WORLD WIDE, INC., and
3M COMPANY,

        Defendants.

_____

**DEFENDANT WOLVERINE WORLD WIDE, INC.'s MOTION TO DISMISS
PLAINTIFFS' COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH
RELIEF MAY BE GRANTED PURSUANT TO F.R.C.P. 12(b)(6)**

**ORAL ARGUMENT REQUESTED**
_____

Defendant Wolverine World Wide Inc. ("Wolverine"), by and through its counsel, Warner

Norcross + Judd LLP, respectfully moves this Court, pursuant to Fed. R. of Civ. P. 12(b)(6), to

entirely dismiss Ottawa County Landfill, Inc.'s ("Ottawa Landfill") and consistently to limit

Central Sanitary Landfill Inc.'s ("Central Landfill") (collectively, the "Plaintiffs") claims on the

following basis and as alleged more fully in the accompanying brief.

1.      The Comprehensive Environmental Response, Compensation, and Liability Act

(42 U.S.C. § 9601 *et seq.*) ("CERCLA") and Michigan's Natural Resources and Environmental

Protection Act (MCL 324.2001 *et seq.*) ("NREPA") only allow a plaintiff to recover for the

necessary costs of response incurred responding to a "release" or "threatened release" of hazardous

substances from a facility.

2.    Plaintiffs have failed to state a cognizable cause of action against Defendants related to their alleged response costs, based on the failure to allege facts that can support the existence of a "release" or "threatened release."

a.    Plaintiffs have failed to plead facts sufficient to support the existence of a "release" or "threatened" release that caused Ottawa Landfill to incur response costs.

b.    Plaintiffs cannot recover for alleged releases from the Grand Rapids Water Resource Recovery Facility ("WRRF").

i.    The WRRF's discharges of PFOA and PFOS are federally permitted releases within the meaning of CERCLA and NREPA. Federally permitted releases are expressly excluded from the cost recovery provisions.

ii.    Discharges from the WRRF were never a "threatened release" based on a future potential violation of the WRRF's permit, because the Plaintiffs' hauler terminated their disposal agreement before any possible permit violation.

iii.    Accordingly, all alleged releases or threatened releases from the WRRF are federally permitted and compliant with the WRRF's discharge permit and there is no prospective threat posed by the WRRF.

3.    Plaintiffs attempt to use CERCLA and NREPA to compel Defendants to pay for changing operating costs and capital improvements, specifically, an on-site deep injection well at the Ottawa Landfill, by framing them as "response costs" of no longer being able to send their waste to the WRRF.

4.      However, by failing to allege any actionable release or threatened release, Plaintiffs have failed to meet the elements required for cost recovery under CERCLA and NREPA, and, therefore, their claims must be dismissed, at least in part, with prejudice.

5.      In support of this Motion, Wolverine relies on the arguments and law contained in the accompanying Brief in Support.

6.      To the extent it is deemed necessary by this Court, Wolverine requests oral argument.

7.      Wolverine has confirmed that counsel for 3M concurs in, and joins this filing and the accompanying Brief in Support.

8.      Wolverine has sought concurrence on this motion as required by Local Civil Rule 7.1, and concurrence has been denied.

Dated:  February 18, 2026

/s/ R. Michael Azzi
R. Michael Azzi
Paul H. Beach
Alexander J. Thibodeau
Michael T. Woo
WARNER NORCROSS + JUDD LLP
150 Ottawa Avenue NW, Suite 1500
Grand Rapids, MI 49503-2832
616.752.2000
mazzi@wnj.com
pbeach@wnj.com
athibodeau@wnj.com
mwoo@wnj.com

Attorneys for Wolverine World Wide, Inc.

33761440