**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

CENTRAL SANITARY LANDFILL, INC., and
OTTAWA COUNTY LANDFILL, INC.,

        Plaintiffs and Counter-Defendants,

vs.

WOLVERINE WORLD WIDE, INC., and 3M
COMPANY,

        Defendants and Counterclaimants.

Hon. Robert J. Jonker

Case No. 1:25-cv-01639

---

**STIPULATION AND ORDER REGARDING DEEMED FILED CROSSCLAIMS**

---

Defendants 3M Company ("3M") and Wolverine World Wide, Inc. ("Wolverine") (collectively, "Crossclaiming Defendants"), through their undersigned counsel, hereby agree and stipulate as follows:

1.      In the First Amended Complaint, Plaintiffs assert claims against the Crossclaiming Defendants under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA") for cost recovery, 42 U.S.C. § 9607, and declaratory relief, 42 U.S.C. § 9613(g), as well as claims under part 201 of Michigan's Natural Resources and Environmental Protection Act ("NREPA"), MCL 324.20126 *et seq*. Crossclaiming Defendants deny liability under CERCLA and NREPA as alleged by Plaintiffs.

2.      The responsive pleadings of the Crossclaiming Defendants are due to be filed on June 5, 2026.

1

3.      At the time of filing their respective responsive pleadings, each Crossclaiming Defendant intends to assert crossclaims under CERCLA for contribution, 42 U.S.C. § 9613(f), and declaratory relief, 42 U.S.C. § 9613(g) and 28 U.S.C. §§ 2201–02, and under NREPA for contribution, MCL 324.20129(3), and declaratory relief, MCL 324.20137(1)(d), against the other Crossclaiming Defendant. Crossclaiming Defendants anticipate that additional defendants will be joined to this action in the future, and that they may seek to assert crossclaims. There may be a significant number of such additional defendants.

4.      In order to conserve judicial resources and the resources of Crossclaiming Defendants, and to avoid unnecessary, duplicative filings, Crossclaiming Defendants have agreed that the Deemed Filed Crossclaims attached hereto as Exhibit A shall be deemed filed by each Crossclaiming Defendant in accordance with the entry of an Order of the Court so providing.  Such an approach will serve the same benefits in the future when additional defendants are joined, assuming such additional defendants agree to use this same mechanism.

5.      Upon entry of an Order of the Court so providing, all crossclaims deemed filed against each Crossclaiming Defendant shall be deemed denied by such Crossclaiming Defendant.

6.      Upon entry of an Order of the Court so providing, each Crossclaiming Defendant shall be deemed to have asserted to each crossclaim against it all applicable affirmative and other defenses that such Crossclaiming Defendant asserted to Plaintiffs' First Amended Complaint.

7.      Crossclaiming Defendants provided this Stipulation and Order to Plaintiffs prior to filing and requested that Plaintiffs indicate whether they have any objections. Plaintiffs have not responded as of the time of filing.

**NOW, THEREFORE, IT IS HEREBY STIPULATED, AGREED, AND ORDERED THAT:**

8.    The Deemed Filed Crossclaims attached hereto as Exhibit A are deemed filed by each Crossclaiming Defendant against the other Crossclaiming Defendant, effective as of June 5, 2026.

9.    Each Crossclaiming Defendant is deemed to have denied each crossclaim deemed filed against it under this Stipulation and Order and is not required to file or serve an answer or response to such crossclaims.

10.    Each Crossclaiming Defendant is deemed to have asserted against each crossclaim filed against it all applicable affirmative defenses that such Crossclaiming Defendant asserted to Plaintiffs' First Amended Complaint.

11.    In the event the Court declines to enter this Order, each Crossclaiming Defendant shall have fourteen (14) days from the date of such declination to file and serve crossclaims against the other Crossclaiming Defendant, and each Crossclaiming Defendant agrees not to assert that such crossclaims are untimely solely by reason of not having been filed with its responsive pleading on June 5, 2026.

**IT IS SO ORDERED.**

Dated: June 6, 2026

/s/ Robert J. Jonker
Hon. Robert J. Jonker
United States District Judge

3

STIPULATED AS TO FORM:

/s/ *Michael A. Azzi* (w/consent)
Michael A. Azzi (P74508)
Paul H. Beach (P82036)
Alexander J. Thibodeau (P82939)
Michael T. Woo (P87316)
Warner Norcross + Judd, LLP
150 Ottawa Avenue NW, Suite 1500
Grand Rapids, MI  49503
(616) 752-2000

*Counsel for Defendant Wolverine World
Wide, Inc.*

/s/ *Joseph M. Infante*
Joseph M. Infante
Miller Canfield Paddock and Stone, PLC
99 Monroe Avenue NW
Suite 1200
Grand Rapids, Michigan 49503
(616) 776-6333
infante@millercanfield.com

Richard F. Bulger
Arie T. Feltman-Frank
Jenner & Block LLP
353 North Clark Street
Chicago, Illinois 60654
(312) 923-2622
rbulger@jenner.com
afeltmanfrank@jenner.com

*Counsel for Defendant 3M
Company*

## CERTIFICATE OF SERVICE

The undersigned certifies that on June 5, 2026, a copy of the foregoing was filed with the Clerk of the Court and served on counsel of record using the Court's Electronic Case Filing System.

/s/ *Joseph M. Infante*
Joseph M. Infante
Miller Canfield Paddock and Stone, PLC
99 Monroe Avenue NW
Suite 1200
Grand Rapids, Michigan 49503
(616) 776-6333
infante@millercanfield.com

Dated: June 5, 2026

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| CENTRAL SANITARY LANDFILL, INC., and OTTAWA COUNTY LANDFILL, INC., <br><br> Plaintiffs and Counter-Defendants, <br><br> vs. <br><br> WOLVERINE WORLD WIDE, INC., and 3M COMPANY, <br><br> Defendants and Counterclaimants. | Hon. Robert J. Jonker <br><br> Case No. 1:25-cv-01639 |

---

**DEFENDANTS' DEEMED FILED CROSSCLAIMS**

---

Pursuant to Federal Rule of Civil Procedure 13(g) and the Court's Order Regarding Deemed Filed Crossclaims, Defendants 3M Company ("3M") and Wolverine World Wide, Inc. ("Wolverine") (each a "Crossclaiming Defendant," and together "Crossclaiming Defendants"), each by and through its undersigned counsel, hereby assert the following crossclaims against the other Crossclaiming Defendant.

**PARTIES, JURISDICTION, AND VENUE**

1. 3M is a corporation organized under the laws of the State of Delaware with its principal place of business in St. Paul, Minnesota.

2. Wolverine is a corporation organized under the laws of the State of Delaware with its principal place of business in Rockford, Michigan.

3. This Court has federal question jurisdiction over the Crossclaiming Defendants' federal claims under 28 U.S.C. § 1331 and 42 U.S.C. § 9613(b).

1

4.      This Court has supplemental jurisdiction over the Crossclaiming Defendants' state-law claims under 28 U.S.C. § 1367(a).

5.      Venue is proper in the Western District of Michigan under 28 U.S.C. § 1391(b)(2) because the properties at issue are situated in this District and a substantial portion of the events giving rise to the claims occurred here. Venue is also proper under 42 U.S.C. § 9613(b) because the alleged releases and damages occurred in this District.

## GENERAL ALLEGATIONS

6.      On December 4, 2025, Central Sanitary Landfill, Inc. ("Central") and Ottawa County Landfill, Inc. ("Ottawa") (collectively, "Plaintiffs") initiated the above-captioned proceeding against Wolverine and 3M. (ECF No. 1.)

7.      On January 20, 2026, Plaintiffs filed a First Amended Complaint seeking declaratory relief and response costs from Wolverine and 3M under section 107 of the federal Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9607, and part 201 of Michigan's Natural Resources and Environmental Protection Act ("NREPA"), MCL 324.20126, arising from response costs Plaintiffs allegedly incurred responding to the release or threatened release of PFOA and PFOS at and from the Central and Ottawa Landfills. (ECF No. 9.)

8.      Plaintiffs allege that Wolverine is a liable party because it arranged for disposal and/or transported for disposal PFOA- and PFOS-containing tannery waste at Central Sanitary Landfill ("Central Landfill") and Ottawa County Farms Landfill ("Ottawa Landfill"). (*Id.* ¶¶ 83–84, 106–07.)

9.      Plaintiffs allege that 3M is a liable party because it arranged for disposal of Scotchgard™, which contained PFOA and PFOS, at the Central and Ottawa Landfills. (*Id.* ¶¶ 85–92, 108.)

10.     The Central Landfill is a permitted Type II municipal solid waste landfill located in Pierson Township, Montcalm County, Michigan. Central is the owner and operator of the Central Landfill.

11.     The Ottawa Landfill is a permitted Type II municipal solid waste landfill located in Coopersville, Ottawa County, Michigan. Ottawa is the owner and operator of the Ottawa Landfill.

12.     Each Crossclaiming Defendant denies the claims asserted against it by Plaintiffs and denies any liability under CERCLA, NREPA, or otherwise.

## COUNT I
## CERCLA CONTRIBUTION

13.     Each Crossclaiming Defendant incorporates the preceding paragraphs as though fully set forth herein.

14.     Each Crossclaiming Defendant is a "person" within the meaning of 42 U.S.C. § 9601(21).

15.     The Central and Ottawa Landfills are each a "facility" within the meaning of 42 U.S.C. § 9601(9).

16.     Plaintiffs allege that Wolverine is an "arranger" and/or "transporter" within the meaning of 42 U.S.C. § 9607(a)(3)–(4).

17.     Plaintiffs allege that 3M is an "arranger" within the meaning of 42 U.S.C. § 9607(a)(3).

3

18.    Plaintiffs allege that releases or threatened releases of PFOA and PFOS have occurred at and from the Central and Ottawa Landfills and the Grand Rapids Water Resource Recovery Facility.

19.    PFOA and PFOS are "hazardous substances" within the meaning of 42 U.S.C. § 9601(14).

20.    Plaintiffs allege claims against each Crossclaiming Defendant under section 107(a) of CERCLA, 42 U.S.C. § 9607(a), for response costs that Plaintiffs allegedly incurred in connection with the Central and Ottawa Landfills.

21.    Because Plaintiffs have pleaded a claim against each Crossclaiming Defendant for response costs that Plaintiffs contend they incurred, section 113(f)(1) of CERCLA, 42 U.S.C. § 9613(f)(1), authorizes each Crossclaiming Defendant to seek contribution from the other in this action.

22.    If either Crossclaiming Defendant is found liable under CERCLA for response costs that Plaintiffs incurred, this Court should allocate those response costs among all liable parties, including the other Crossclaiming Defendant, using such equitable factors as the Court determines are appropriate under section 113(f)(1) of CERCLA, 42 U.S.C. § 9613(f)(1).

## COUNT II
## NREPA CONTRIBUTION

23.    Each Crossclaiming Defendant incorporates the preceding paragraphs as though fully set forth herein.

24.    Each Crossclaiming Defendant is a "person" within the meaning of MCL 324.20126 and MCL 324.301(h).

25.    The Central and Ottawa Landfills are each a "facility" within the meaning of MCL 324.20101(1)(s).

26. Plaintiffs allege that Wolverine is an "arranger" and/or "transporter" within the meaning of MCL 324.20126(1)(d)–(e).

27. Plaintiffs allege that 3M is an "arranger" within the meaning of MCL 324.20126(1)(d).

28. PFOA and PFOS are "hazardous substances" within the meaning of MCL 324.20101(1)(x).

29. Plaintiffs allege claims against each Crossclaiming Defendant under MCL 324.20126(1) for response activity costs that Plaintiffs allegedly incurred in connection with the Central and Ottawa Landfills.

30. Because Plaintiffs have pleaded a claim against each Crossclaiming Defendant for response activity costs, MCL 324.20129(3) authorizes each Crossclaiming Defendant to seek contribution from the other in this action.

31. If either Crossclaiming Defendant is found liable under NREPA for response activity costs that Plaintiffs incurred, this Court should allocate those response activity costs among all liable parties, including the other Crossclaiming Defendant, using such equitable factors as the Court determines are appropriate under MCL 324.20129(3).

**COUNT III**
**DECLARATORY RELIEF**

32. Each Crossclaiming Defendant incorporates the preceding paragraphs as though fully set forth herein.

33. An actual and substantial controversy exists between the Crossclaiming Defendants regarding their respective rights and obligations for response costs that have been incurred and will be incurred in connection with the Central and Ottawa Landfills.

5

34. Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), and 28 U.S.C. §§ 2201–02 authorize each Crossclaiming Defendant to seek declaratory relief regarding the other's liability for future response costs.

35. MCL 324.20137(1)(d) authorizes each Crossclaiming Defendant to seek declaratory relief under NREPA regarding the other's liability for future response activity costs.

36. If either Crossclaiming Defendant is found liable to Plaintiffs, this Court should enter declaratory judgment that the other Crossclaiming Defendant is liable for its equitable share of present and future response costs incurred in connection with the Central and Ottawa Landfills.

## ALL CLAIMS DEEMED DENIED

All crossclaims asserted by each Crossclaiming Defendant against the other Crossclaiming Defendant are hereby deemed denied by such other Crossclaiming Defendant.

## PRAYER FOR RELIEF

WHEREFORE, each Crossclaiming Defendant respectfully requests that this Court enter judgment against the other Crossclaiming Defendant as follows:

A. Declaring, in the event that either Crossclaiming Defendant is found liable to Plaintiffs for any damages under CERCLA section 107(a), 42 U.S.C. § 9607(a), which liability each Crossclaiming Defendant denies, that the other Crossclaiming Defendant is liable under CERCLA section 113(f)(1), 42 U.S.C. § 9613(f)(1), for contribution for its equitable share of necessary response costs related to the Central and Ottawa Landfills, together with interest thereon;

B. Declaring, in the event that either Crossclaiming Defendant is found liable to Plaintiffs for any damages under MCL 324.20126a(1), which liability each Crossclaiming Defendant denies, that the other Crossclaiming Defendant is liable under MCL 324.20129(3) for contribution for its

6

equitable share of necessary response activity costs related to the Central and Ottawa Landfills, together with interest thereon;

C. Entering declaratory judgment under 42 U.S.C. § 9613(g)(2), 28 U.S.C. §§ 2201–02, and MCL 324.20137(1)(d) that each Crossclaiming Defendant is liable for its equitable share of present and future response costs incurred in connection with the Central and Ottawa Landfills;

D. Awarding costs of suit; and

E. Granting such other and further relief as the Court deems just and proper.